JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHANELLE DAVIS

### DEFENDANTS
CITY OF PHILADELPHIA LAW DEPARTMENT

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- [x] 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).
Brief description of cause:
EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: FEBRUARY 6, 2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __PHILADELPHIA COUNTY, PENNSYLVANIA__

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☑ does not have implications beyond the parties before the court and ☐ does / ☑ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because:(1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ X ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANELLE DAVIS<br>4526 N. 19TH Street<br>Philadelphia, PA 19140<br>           Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19106<br>           Defendant. | :<br>:<br>:<br>:  **Civil Action**<br>:<br>:  **Jury Trial Demanded**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.     Plaintiff, SHANELLE DAVIS, brings this action pursuant to Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act and applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendant as a result of Defendant's contractual interference, retaliation, and other tortious actions.

### II. JURISDICTION AND VENUE

2.     Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) as this matter is one of Federal Question.

3.     Plaintiff has complied with all jurisdictional prerequisites as she is not required to

1

exhaust any administrative remedies under Title VII of the Civil Rights Act of 1964.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

5. At all times material hereto, Defendant, City of Philadelphia, was "engaged in an industry affecting commerce" within the meaning of Title VII of the Civil Rights Act of 1964.

6. At all times material hereto, Defendant was deemed an "employer" as defined by Title VII of the Civil Rights Act of 1964.

7. At all times material hereto, Plaintiff was afforded the protections provided under Title VII of the Civil Rights Act of 1964. as Plaintiff was retaliated against and forced to leave her position due to her refusal to tolerate the sexual harassment that was forced upon her by agents of Defendant.

8. At all times material hereto, Plaintiff was subjected to severe and pervasive harassment as enumerated *supra*.

9. This Honorable Court maintains Jurisdiction over this matter as it is one of Federal Question and the harassment and termination occurred within the geographic region of United States District Court for the Eastern District of Pennsylvania.

### III. THE PARTIES

10. Plaintiff, Shanelle Davis (hereinafter " Plaintiff"), is an adult African American female.

11. Plaintiff resides at the above-captioned address.

12. The Defendant, the City of Philadelphia, (hereinafter referred to as Defendant

"City") is a political subdivision which is subject to suit pursuant to 42 Pa. C.S. Section 8542 and for purposes of this law suit has a principle place of business located at One Parkway, 1515 Arch Street, Philadelphia, Pennsylvania, 19106.

13. At all times material hereto, the actions enumerated within this Complaint occurred within the Commonwealth of Pennsylvania as Plaintiff's job was within the limits of Philadelphia County, Pennsylvania.

## IV. **FACTUAL BACKGROUND**

14. On or about, November 28, 2022, Plaintiff was hired by Defendant as a constituent representative.

15. At this time, Plaintiff's immediate supervisor and/or "chief" was Joel Volcy, who, at all times material hereto, was the chief of staff for Philadelphia City Council Member, Jim Harrity.

16. On or about, January 3, 2023, Plaintiff had her role changed to "scheduler", despite numerous complaints that Plaintiff was not trained to be a scheduler.

17. Plaintiff was told she would receive a financial raise with the role change, however, this never occurred.

18. During the course of Plaintiff's employment, Plaintiff was physically and verbally harassed, in a sexual manner, by Sharif Street, Jr. the son of Pennsylvania State Senator, Sharif Street.

19. At all times material hereto, Sharif Street, Jr. was an employee of Defendant, acting within the course and scope of his employment with Defendant.

3

20. The first incident of harassment and/or assault occurred on Plaintiff's lunch break, when Sharif Street, Jr., walked behind Plaintiff and grabbed Plaintiff's buttocks and stated "that shit is really soft".

21. On a separate incident, while acquiring petitions for Councilman Harrity, Sharif Street, Jr. once again struck Plaintiff's buttocks and chose to laugh at Plaintiff.

22. On both occasions, Plaintiff made clear to Sharif that she did not approve of the behavior.

23. After the second incident, Plaintiff made her supervisors aware of Sharif Street Jr.'s behavior, at which time, Joel Volcy told Plaintiff that he would "handle it", which never happened.

24. Sharif Street Jr. continued to disrespect Plaintiff and harass her causing Plaintiff to again broach the subject with Joel Volcy, who again told Plaintiff that he would "handle it", which never happened.

25. Notably, Joel Volcy and Sharif Street Jr. maintained a very close personal relationship.

26. Plaintiff avers that on one such occasion, Joel Volcy and Sharif Street Jr. were in a physical altercation and Sharif Street, Jr. was not reprimanded for same.

27. Notably, most individuals in the office, including Sharif Street, Jr. are politically connected.

28. In addition to the harassment by Sharif Street, Jr., Plaintiff was repeatedly subject to racially discriminatory comments by Dawn (last name unknown) such as the n-word and

4

comments like "you guys are out of your cotton pickin minds."

29. The day after Jim Harrity's reelection, Plaintiff was terminated from employment.

30. Plaintiff was told that her termination was due to her work product, however there was no evidence of prior warnings or criticisms of her work.

31. Additionally, Plaintiff was told that she could not maintain a second form of employment, despite most members of the office having additional income.

32. Plaintiff was also compensated markedly less than all other employees in the office and was frequently prevented from using her paid time off.

33. Moreover, any allegation by Defendant that Plaintiff was ill fit for the role of scheduler should be met with the caveat that Plaintiff was not hired to be a scheduler, the role was forced upon her, despite her protest regarding same.

34. At all times material hereto, the management and ownership of Defendant were acting within the course and scope of their employment in terms of their contact on a day to day basis with the Plaintiff.

35. At all times material hereto, Plaintiff performed her job related duties in a satisfactory and appropriate manner.

36. Any acts or omissions attributed herein to the Defendant, its agents, servants and/or representatives were committed or omitted by its principals, directors, officers, managers and other employees who were acting in the course, scope and color of their employment with said Defendant.

37. At all times material hereto, upper level management of the Defendant aided and

abetted the aforementioned retaliation and discrimination to which Plaintiff was subjected thereto.

38. The aforementioned conduct of Defendant was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under the law.

39. At all times material hereto, Defendant, City of Philadelphia had a continuing need for the work and duties that Plaintiff performed on a day to day basis.

40. As a direct and proximate result of Defendant's aforesaid acts and/or omissions, including the retaliatory and discriminatory practices, Plaintiff:

   (a) was discharged from her employment to her great financial detriment and loss;

   (b) had her ability to work and find new work interfered with due to the actions on the part of the Defendant and its representatives;

   (c) caused Plaintiff great pain and suffering, emotional loss, hostility and emotional upset; and

   (d) suffered severe embarrassment, humiliation and depression directly from said Defendant's conduct.

**COUNT I**
**SHANELLE DAVIS vs. CITY OF PHILADELPHIA**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

41. All aforementioned paragraphs are incorporated by reference as if fully set forth at

length herein.

42. The conduct of Defendant's treatment of Plaintiff in her employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as the harassment, hostile work environment, retaliation and discrimination enumerated above was based upon her race, sex and/or gender.

43. Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her race, sex and/or gender.

44. As a direct and proximate result of Defendant's actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Shanelle Davis, demands judgment against Defendant, including:

(a) a declaration that Defendant's actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant to institute sensitivity and other training for all managers, employees and supervisors to religious harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant to institute and enforce a specific policy and procedure for investigating and preventing complaints;

7

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

**COUNT II**
**SHANELLE DAVIS vs. CITY OF PHILADELPHIA**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000**

45.     Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

46.     The conduct of Defendant's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as the harassment, hostile work environment, retaliation and discrimination was based upon her race, sex and/or gender.

WHEREFORE, Plaintiff, Shanelle Davis, demands judgment against Defendant including:

(a)     A declaration that Defendant's actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)     Equitable and declaratory relief requiring Defendant to institute sensitivity and other training for all managers, employees and supervisors to prevent age, sexual, racial and religious harassment and discrimination in the workplace;

(c)     Equitable and declaratory relief requiring Defendant to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to religious harassment and discrimination;

(d)     Equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(f)     Compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(g)     punitive damages;

(h)     payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(i)     such other relief as this Court may deem appropriate under the circumstances.

## COUNT III
### SHANELLE DAVIS vs. CITY OF PHILADELPHIA
### RETALIATION

47.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

9

48. As detailed above, Defendant acted unlawfully and in direct contravention of the laws and statutes of the Commonwealth of Pennsylvania, including but not limited to laws related to hostile work environments, workplace harassment and worker's rights to be protected from retaliation.

49. Defendant representatives retaliated against Plaintiff as a direct result of Plaintiff's complaints against Sharif Street Jr.

50. Defendant representatives acted unlawfully and direct contravention of expressed public policy considerations which have been established by the Pennsylvania courts.

51. As a direct result of the actions by Defendants discussed herein, Plaintiff was terminated and sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein, as well as mental anguish, emotional distress, humiliation and damage to his reputation.

WHEREFORE, Plaintiff, Shanelle Davis, demands judgment against Defendant including:

(a) A declaration that Defendant's actions as described herein violated the laws and statues of Pennsylvania;

(b) equitable and declaratory relief;

(c) compensatory damages for Plaintiff's loss of past and present income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(d) punitive damages;

10

   (e) payment of interest and Plaintiff's attorney's fees and costs associated with the prosecution of such action; and

   (f) such other relief as this Honorable Court may deem just and proper.

Respectfully submitted,<br>
**SAFFREN & WEINBERG**<br>
<br>
BY: _____<br>
MARC A. WEINBERG, ESQUIRE<br>
815 Greenwood Avenue, Suite 22<br>
Jenkintown, PA 19046<br>
(T): (215) 576-0100<br>
(F): (215) 576-6288<br>
mweinberg@saffwein.com

Dated: 2/4/26

11